UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR BURNS,<br><br>                            Plaintiff,<br><br>-against-<br><br>SARAH HINES, Assistant District Attorney;<br>UNKNOWN N.Y.C. DEPT. OF<br>CORRECTION OFFICIAL,<br><br>                            Defendants. | 1:21-CV-8236 (LTS)<br><br>ORDER TO SHOW CAUSE UNDER<br>28 U.S.C. § 1915(g) |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Groveland Correctional Facility, filed this action *pro se* and seeks *in forma pauperis* (IFP) status. The Court directs Plaintiff to show cause by declaration why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's "three-strikes" provision.

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) added the following three-strikes provision to the IFP statute:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). If a prisoner's action is dismissed for a "strike" reason, and the prisoner's subsequent appeal of that dismissal is also dismissed for a "strike" reason, those dismissals count as two "strikes" under Section 1915(g). *See Chavis v. Chappius*, 618 F.3d 162, 167-69 (2d Cir. 2010). The Court finds that Plaintiff has accumulated three strikes under the PLRA, and he is therefore barred under Section 1915(g) from filing any federal civil actions IFP. *See Burns v.*

*Zwillinger*, No. 02-CV-5802, 2005 WL 323744 (S.D.N.Y. Feb. 9, 2005) (granting defendant's motion to dismiss, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim on which relief may be granted) (strike one); *Burns v. Zwillinger*, No. 05-2773-pr (2d Cir. Jan. 31, 2006) (appeal dismissed as frivolous) (strike two)[1]; *Burns v. Nagy*, No. 19-1062 (2d Cir. Aug. 14, 2019) (same) (strike three). Because Plaintiff is barred under Section1915(g), unless he was "under imminent danger of serious physical injury" at the time that he filed his complaint,[2] he must pay the fees to bring this action.

Plaintiff does not allege any facts suggesting that he was under imminent danger of serious physical injury at the time that he filed his complaint. Instead, Plaintiff asserts claims arising from his criminal prosecution in the New York Supreme Court, New York County, that resulted in his 1997 conviction in that court.

## NOTICE AND OPPORTUNITY TO BE HEARD

A *pro se* litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant. *See Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999) (requirement of notice and opportunity to be heard "plays an important role in establishing the fairness and reliability" of the dismissal order, "avoids the risk that the

---

[1] The Court determines that this dismissal is a strike by relying on the reasons for the dismissal as described in the applicable docket sheet. *See Harris v. City of New York*, 607 F.3d 18, 23-24 (2d Cir. 2010) ("Nothing in the PLRA or the caselaw of this or other courts . . . suggests that courts have an affirmative obligation to examine actual orders of dismissal [to find strikes under Section 1915(g)]. The district court may rely on the relevant docket sheets if they indicate with sufficient clarity that the prior suits were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.") (citations omitted); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) ("docket sheets are public records of which the court could take judicial notice").

[2] An imminent danger is not one "that has dissipated by the time a complaint is filed," *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); rather, it must be one "existing at the time the complaint is filed," *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002).

court may overlook valid answers to its perception of defects in the plaintiff's case," and prevents unnecessary appeals and remands). The Court therefore grants Plaintiff leave to submit a declaration showing that he is not barred under Section 1915(g) from bringing this action IFP. Plaintiff must submit this declaration within 30 days of the date of this order. If Plaintiff does not make this showing, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and recognize Plaintiff as barred, under Section 1915(g), from filing federal civil actions IFP while he is a prisoner.[3]

## CONCLUSION

The Court directs Plaintiff to show cause why the Court should not deny his IFP application under the PLRA's three strikes provision, 28 U.S.C. § 1915(g). Plaintiff must file a declaration within 30 days of the date of this order explaining any reason why he should not be barred under the PLRA from proceeding with this action IFP. A declaration form is attached to this order for Plaintiff's convenience. If Plaintiff does not show cause, or if he fails to respond to this order, the Court will deny Plaintiff's IFP application, dismiss this action without prejudice, and recognize Plaintiff as barred under Section 1915(g) from filing federal civil actions IFP while he is a prisoner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[3] Plaintiff is not barred from filing a new federal civil action by prepaying the fees to bring such an action. Those fees currently total $402 per federal civil action.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: October 15, 2021
       New York, New York

                                           /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                           Chief United States District Judge