UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREVOR BURNS,

                Plaintiff,

-against-

SARAH HINES, Assistant District Attorney;
UNKNOWN N.Y.C. DEPT. OF
CORRECTION OFFICIAL,

                Defendants.

1:21-CV-8236 (LTS)

BAR ORDER UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated, files this action *pro se* and seeks to proceed *in forma pauperis* (IFP). On October 15, 2021, the Court: (1) noted that while Plaintiff has been a prisoner, he has filed three or more federal civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted, and (2) ordered Plaintiff, within 30 days, to show cause by declaration why he is not barred under 28 U.S.C. § 1915(g) from proceeding with this action IFP. On November 4, 2021, the Court received a letter from Plaintiff in which he concedes that he cannot show good cause as to why he is not barred under Section 1915(g), and states that he will file another new federal civil action in which he will pay the fees to bring that new action.[1] (ECF 5.)

## CONCLUSION

    The Court finds that while Plaintiff has been a prisoner, he has filed three or more federal civil actions or appeals that are deemed strikes because they were dismissed as frivolous, malicious, or for failure to state a claim on which relief may be granted. Because Plaintiff has not

---

[1] The Court has not received a declaration from Plaintiff for this action, nor has the Court received any fees from Plaintiff to proceed with this action.

shown good cause as to why he should not be barred under 28 U.S.C. § 1915(g), the Court recognizes Plaintiff as barred, under Section 1915(g), from filing federal civil actions IFP while he is a prisoner unless he is under imminent danger of serious physical injury. The Court warns Plaintiff that the submission of frivolous documents may result in the imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

The Court denies Plaintiff's request to proceed IFP and dismisses this action without prejudice.[2] *See* 28 U.S.C. § 1915(g).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   November 9, 2021
         New York, New York

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge

---

[2] Plaintiff may commence a new federal civil action by paying the fees to bring such an action. Those fees currently total $402 per federal civil action. If Plaintiff does file such an action, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).